**THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION**

CASE NO.: 6:20-cv-950

INTERSTELLAR PRODUCTIONS,
INCORPORATED, a Florida corporation, D/B/A
EYECON,

     Plaintiff,

v.

SOPHIA BUSH,
Individually,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
       DISTRICT OF FLORIDA, ORLANDO DIVISION

Defendant, SOPHIA BUSH, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Local Rule 4.02, hereby removes this civil action, which is styled Sophia Bush v. Interstellar Productions Inc., a Florida Corportation d/b/a Eyecon, and designated Case No.: 2020-CA-002264-0, from the Circuit Court of the Ninth Judicial Circuit in and for Oranage County, Florida, in which the action is now pending, to the United States District Court for the Middle District of Florida, Orlando Division.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in

CASE NO.:

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" In support of this removal, and pursuant to 28 U.S.C. § 1446, Defendant states:

1.      This case is properly removable due to diversity of citizenship between Plaintiff, Interstellar Productions Inc., a Florida corporation, and Defendant, Sophia Bush, a citizen of California.

2.      Venue is properly in the Middle Division of the Orange District of Florida, pursuant to M.D.L.R. 1.02(b)(3).  This case was filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, on May 6, 2020.  Therefore, the Orlando Division is the proper Court for removal of this case.

3.      This Notice of Removal is being timely filed within thirty (30) days from May 4, 2020, the date upon which General Counsel for Defendant accepted service on her behalf.  A copy of the waiver of service, operative Complaint and State Court Docket are attached collectively hereto as **Exhibit "A."**

4.      Defendant has not filed a responsive pleading in the State Court**.**

5.      Defendant filed with the Clerk of the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, a true and correct copy of the Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to State Court Clerk of Removal of Case to Federal Court is attached hereto as **Exhibit "B."**

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

CASE NO.:

6.     The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. § 1332.  Under that section, this Court has jurisdiction based upon complete diversity as follows:

    a.   Plaintiff, INTERSTELLAR PRODUCTIONS, INCORPORATED, a Florida corporation, D/B/A EYECON, ("Plaintiff"), is a citizen of the State of Florida. Plaintiff is a Florida corporation organized and operating under the laws of Florida with its principal place of business located in Winter Garden, Orange County, Florida. (Compl. ¶2)

    b.   Defendant, SOPHIA BUSH ("Defendant"), is a citizen of the State of California.

    c.   The amount in controversy exceeds the minimum sum of $75,000, exclusive of interest and costs.

7.     Regarding Sophia Bush's citizenship, Sophia Bush lives and works in California. A copy of the Affidavit of Sophia Bush is attached as **Exhibit "C."** She is also registered to vote there. *Id.* She has no intentions on leaving. *Id.*

8.     As to the amount in controversy, Plaintiff's Complaint only states that damages exceed the amount of $30,000 (*see* Compl. ¶1). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co*., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence

CASE NO.:

relevant to the amount in controversy at the time the case was removed." *Id.*   Since Plaintiff made an unspecified demand for damages in her state court pleading, the Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332.   *See Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

9.      In the instant case, Plaintiff's Complaint alleges a loss of revenue from immediately declining attendance from its events, which have gone beyond the "One Tree Hill" events, as a result of Defendant's remarks. (*see* Compl. ¶ 29.) Further, Plaintiff's counsel sent a written settlement proposal to the Defendant dated June 18, 2019, wherein Plaintiff requested the sum of $1,000,000 in full for the settlement of all claims. A copy of the demand is attached as **Exhibit "D."** In this demand letter Plaintiff alleges that the Defendant's statements resulted in a loss of revenue of more than seven-figures to the Plaintiff. This demand letter constitutes evidence that the Plaintiff values the object of the litigation at $1,000,000. *See Degeorge v. Geico Gen. Ins. Co.*, 6:12-cv-1654-Orl-37GJK, 2012 U.S. Dist. LEXIS 176654, 2012 WL 6212916, *2 (MD Fla. Dec. 13, 2012) (finding diversity jurisdiction by analyzing details of demand letter in support of removal).

10.     Based upon the allegations set forth in Plaintiff's Complaint and demand letter, Plaintiff's claims fully support a conclusion that the Plaintiff is seeking damages to be awarded in excess of the jurisdictional limits of this Court.  Therefore, subject matter jurisdiction, even if Plaintiff did not specifically allege $75,000 in the

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

CASE NO.:

original Complaint, is vested in this Court. Because the amount in controversy exceeds, $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441 (b).

11.    Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendant prays this Court remove the Civil Action No. 2020-CA-002264-0 now pending in Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to this Federal Court.

Respectfully submitted, this 2nd of June, 2020.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

CASE NO.:

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd of June 2020, a true and correct copy of the

foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF,

which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0029
Facsimile (321) 972-0099
Primary e-mail: scott.shelton@csklegal.com
Secondary e-mail:
melissa.crowley@csklegal.com
Secondary e-mail: jeffrey.partlow@csklegal.com
Secondary e-mail:
natasha.acevedo@csklegal.com

By:  s/ Melissa D. Crowley
     SCOTT A. SHELTON
     Florida Bar No.:36486
     MELISSA D. CROWLEY
     Florida Bar No.:  90984
     JEFFREY PARTLOW
     Florida Bar No.:110627

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX