UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:20-cv-950

INTERSTELLAR PRODUCTIONS
INCORPORATED, a Florida Corporation
d/b/a EYECON

    Plaintiff,
vs.

SOPHIA BUSH

    Defendant
_____/

## SECOND AMENDED COMPLAINT

The Plaintiff Interstellar Productions Incorporated d/b/a Eyecon ("Eyecon"), by and through its undersigned counsel hereby files its Second Amended Complaint and Demand for Jury Trial in this matter against the Defendant Sophia Bush ("Bush") and states as follows:

### Jurisdiction, Parties and Venue

1. This is an action for damages in excess of $30,000, exclusive of interest, costs and attorneys fees.

2. The Plaintiff, Eyecon, is a Florida corporation organized and operating under the laws of the State of Florida with its principal place of business being in Winter Garden, Orange County, Florida.

3. The Defendant, Bush, is upon information and relief a resident of California and is *sui juris*.

4. This Court has jurisdiction over Bush in the State of Florida pursuant to the Florida Long Arm statute in that:

    a. In accordance with Florida Statutes 48.193(1)(a)(1) Bush has operated

and conducted and engaged in business and business ventures in the State of Florida;

      b.  In accordance with Florida Statutes 48.193(1)(a)(2) has committed a tortious act in Florida, *to wit*, the dissemination of slanderous statements about Eyecon

      c.  In accordance with Florida Statutes 48.193(1)(a)(6), Bush has caused injuries to persons in the State of Florida, caused by acts or omissions outside of the State, by making slanderous statements that injured Eyecon in the State of Florida.

      d.  In accordance with Florida Statutes 48.193(2), Bush has engaged in substantial and not isolated activity within the State of Florida which has made her otherwise subject to the jurisdiction of the Courts of Florida.

      5.  In addition, to the above acts, Bush has other sufficient minimum contacts with Florida to satisfy the constitutional "minimum contacts" test as she:

      a.  engaged in directed telephonic and electronic communications on a repeated basis with at least one Florida based corporation to negotiate the terms and conditions of her appearance at a number of entertainment related and promotional events; and

      b.  attended and participated in numerous Florida political rallies, public appearances, parties, conventions, vacations and other events to promote television and film appearances and to support her political and social views.

      c.  Bush has attended many events in Florida for political and business purposes. Bush sells a perfume which upon information and belief is sold and distributed in the State of Florida. Bush operates a regular podcast entitled, "Work in Progress" which airs nationally including to residents of the State of Florida. Bush maintains a web site

which is accessible to the public at large in Florida and upon which she republished her liebelous statements. Bush sits on the board of "I am a Voter" which upon information and belief schedules events and does business in the State of Florida in which she participates including events are to take place in Florida in the coming months. As recently as November 2018 was in Miami staging events to bring out the Latino Vote. Bush has graced the cover of Miami Living and Ocean Drive magazines (based in Florida) and has been interviewed in various news publications around the State (including the Florida Times Union and Palm Beach Post) that are published in Florida and are disseminated to the population of Florida.

## Statement of the Facts of Case

6. This is an action for damages arising from Bush's publication of written communications to third parties containing false, injurious and libelous statements about Eyecon and its business activities.

7. Eyecon plans, schedules and promotes and runs conventions of television shows targeted to shows fan bases.

8. One such convention set for October 2018, involved members of the cast of a television show "One Tree Hill" which had aired on television from 2003 to 2012. Bush was one of the cast members of the television show.

9. In February and March 2018, Eyecon was in continuous negotiations with Bush through her representatives whether she would participate in the October 2018 "One Tree Hill" event. Bush and her agents knew that Eyecon was based in the State of Florida

when negotiating with it and knew she was engaging in business negotiations with a Florida based company.

10. From the outset, Eyecon promoted the event as having a unique focus on recognition of the recent revelation of sexual harassment experienced by members of the cast.

11. As part of the event, Eyecon proposed including a charity fashion show with all proceeds to benefit a charity of Bush's choosing.

12. As the negotiations progressed, Bush's asking price of $100,000 to appear for the two day event was not plausible.

13. Nonetheless, negotiations continued with Eyecon and Bush.

14. In March 2018, Eyecon attempted to explore and reached out to Bush's representatives whether they were open to other charitable events with her and just want to raise money for her organization.

15. Throughout this, time Bush was fully aware of the intentions of Eyecon for its "One Tree Hill Event" and never voiced any reservations about the planned event or its intentions to promote awareness against sexual harassment.

16. One cast member, not Bush, who had declined a contract earlier for an appearance at the planned convention, then stated on-line that she refused to appear at the convention because she felt "exploited by [EyeCon's] girl power angle..."

17. One fan posted on-line by posting, "Im sad to see this unwarranted hate. We were so excited to see a member of a female cast wanting to come in October being that

past shows have been mostly men, 2018 is female forward, it's not an exploitation...."

18.     Eyecon responded to the fan's post by stating "Thank you... Being a company made up of mostly women we have experiences of our own.  She doesn't know us, and she doesn't know that some of our staff has had experiences too, it is unfair of her to judge our stories as unworthy before we can even tell them."

19.     On March 29, 2018, Bush posted a multi-part tweet purporting to express outrage over both the October event and Eyecon's response to fan posts stating..."Hillary Burton is my sister.  Don't f**k with her.  Period."  Bush proceeded to falsely accuse Eyecon of "publicly attacking" and "retweeting hateful messages about [Burton] and "pitting victims against one another."   Such statements are false.

20.     Further Bush further stated;

"Where was our opportunity to plan any such fund-raiser prior to this announcement being made and the expectation that because of the "theme" we would all be just on board."

"You won't be seeing me there.  I wasn't going to attend because I too felt icky about the "theme" given the complete lack of conversation about it."

21.     Such statements were false as Bush was aware or should have been aware of the discussions about the theme of the convention, the information which was supplied to her agents during the initial contact emails to gauge interest in a potential appearance. She and her agents were still engaging in ongoing negotiations for her appearance at the October show when Bush started her online statement in which she at one time stated that

she "was never going to attend because she felt too icky about the event" establishing the falsehood of such statement.

22. During the next year or so, Bush continued posting false statements about Eyecon including "the details were hidden from us. We ALL felt exploited," and that none of her agents ever got the information relating to the theme referring to the intent to raise awareness.

23. Nonetheless, the damages have been done. Bush's false on-line posts were accessed by the shows fan base and others, including republished on Bush's web-site accessible to residents of Florida.

24. Through these publications, the Defendant engaged in a campaign to falsely disparage Eyecon and injure its reputation and goodwill.

25. The Defendant's false and malicious written statements, include without limitation, that Eyecon possesses characteristics unfit for business.

26. The Defendant made these false and malicious statements on-line to numerous fans of the "One Tree Hill" show as well as to the general public who could access and did access such statements in Florida.

27. The Defendants false and malicious statements have negatively impacted Plaintiff's reputation and character, caused Plaintiff to be subjected to distrust, ridicule, contempt and disgrace and injured Plaintiff's reputation and goodwill in the relevant professional communities.

28. The Defendant's false and malicious statements have resulted in the Plaintiff

losing revenues from immediately declining attendance from its events which have gone beyond "One Tree Hill" events. As a result of the false written statements of Bush, numerous fans of Bush now falsely accused Eyecon of being liars and treating women like trash while others have made online personal attacks against the founders and agents of Eyecon.

28.   All conditions precedent of this action have been performed waived and/or excused.

### Count I-Libel Per Se

29.   Plaintif reallaeges and reavers the allegations of paragraphs 1 through 28 of the Second Amended Complaint as if fully set forth herein.

30.   Defendant has made false statements of material fact about the Plaintiff that tends to subject Plaintiff to hatred, ridicule, hatred, distrust and/ or contempt.

31.   The statements made by Bush were intended to injure Plaintiff in its trade and/or profession.

32.   The statements of Bush, attributed to Plaintiff conduct, characteristics or conditions incompatible with the proper exercise of its business and profession.

33.   As a direct and proximate result of the actions of Bush, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Bush for damages and any other relief this Court deems just and proper under the circumstances.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 14 day of September 2020: Jeffrey Partlow, Esq., Cole Scott & Kissane, P.A., 1900 Summit Tower Blvd., Suite 400, Orlando, FL 32810.

        Behren Law Firm
        1930 N. Commerce Parkway-Suite 4
        Weston, FL 33326
        Phone: (954) 636-3802
        Facsimile: (772) 252-3365
        Scott@behrenlaw.com

        By_/Scott M. Behren/
            Scott M. Behren
            Fla. Bar No. 987786